TAYLOR, Appellant, vs. VILLAGE OF ORFORDVILLE, Respondent.

*September 16—October 3, 1911.*

*Highways: Order laying out: Curative statutes: Legal width: Evidence: Presumptions: Ancient records.*

1. Under sec. 1298, Stats. (1898), and secs. 1299*j*, 1299*k* (Supp. 1906: Laws of 1901, ch. 132, secs. 1, 2), the record of an order made in 1849 by two town supervisors acting as highway commissioners, laying out a highway four rods wide, is sufficient to show the existence of a legal highway of that width, although there are no other records showing that the required statutory proceedings were had leading up to the making of that order, where the road was at once opened and has ever since been used and, though its actual width has varied at times as fences have been built by various owners, no rights to any parts of it have been acquired by adverse possession or by estoppel.

2. *It seems* that the same result would follow even in the absence of statute by reason of the presumptions which arise in support of an ancient record of this kind.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Thos. S. Nolan,* attorney, and *Burr Sprague,* of counsel, and for the respondent on that of *Fisher & Oestreich,* attorneys, and *M. O. Mouat,* of counsel.

WINSLOW, C. J. This is a controversy over the line of a highway adjoining the plaintiff's premises in the village of *Orfordville.* The question is whether the highway is three or four rods in width. The trustees of the village having notified the plaintiff to build a sidewalk on the four-rod line, this action in equity is brought to enjoin the village from proceeding to construct the sidewalk on that line. The circuit court found the highway to be four rods in width, and entered judgment of dismissal of the complaint.

The judgment is manifestly correct. It appears that the highway was originally laid out by the town supervisors as a country road in December, 1849. At that time the law required all public roads laid out by town supervisors to be not less than four rods in width (sec. 70, ch. 16, R. S. 1849). It is claimed that the record of this action of the supervisors is so defective as to deprive the order of its validity. Upon the record books of the town is found the record of an order made by two of the supervisors acting as commissioners of highways on December 26, 1849, laying out the highway in question four rods in width. The road was at once opened and has been used ever since. Its actual width has varied at various times and its lines have been somewhat crooked, so that its actual width has ranged from three to four rods according to the whim of the various owners as fences have been built. There is nothing to show here, however, that any rights have been acquired by adverse possession or estoppel. While there appear to be no other records now in existence showing that the required statutory proceedings were had leading up to the making of the order, it seems certain that under the various curative statutes passed for the purpose of meeting such deficiencies in ancient records the defects must be considered to be fully cured. Sec. 1298, Stats. (1898); secs. 1299$j$, 1299$k$, Stats. (Supp. 1906: Laws of 1901, ch. 132, secs. 1, 2). It seems probable that the same result would follow even in the absence of statute by reason of the presumptions which arise in support of an ancient record of this kind. *Randall v. Rovelstad,* 105 Wis. 410, 81 N. W. 819.

Under any aspect of the case the judgment below was right.

*By the Court.*—Judgment affirmed.

Barnes, J., took no part.